IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MATTHEW DIETZ, )
)
       Plaintiff, )
)
       v. ) Civil Action No. 10-1674
)
COUNTY OF ALLEGHENY, *et al.*, ) Magistrate Judge Cathy Bissoon[1]
)
       Defendants. )
)

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Pending before the Court is Defendants County of Allegheny, Ramon C. Rustin, and Shane Evans' Motion to Dismiss (Doc. 40). For the reasons stated herein, the motion will be granted in part and denied in part.

### BACKGROUND

**A. Factual Background**

Plaintiff Matthew Dietz brings this action under 42 U.S.C. § 1983 (Civil Rights Act), the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 12132 (Title II of the American With Disabilities Act) ("ADA"), alleging that Defendants Ramon C. Rustin, Shane Evans and Allegheny County violated Plaintiff's substantive due process rights and violated the ADA.[2]

---

[1] By consent of the parties, the undersigned sits as the District Judge in this case. See Consent forms (Docs. 20, 21, 23).

[2] Plaintiff also asserted § 1983 claims alleging violations of the Eighth Amendment. All parties have stipulated that "Plaintiff should be considered an arrestee or pretrial detainee at the time of the events alleged in the Second Amended Complaint and that the case is to proceed for a claim under the Fourteenth Amendment rather than the Eighth Amendment." Doc. 43. Thus, Plaintiff's § 1983 claims alleging violations of the Eighth Amendment will be dismissed.

1

Plaintiff suffers from Type 1 Diabetes and uses a diabetes pump to administer a steady stream of Humalog, a fast-acting insulin, when needed. 2d. Am. Compl. ¶¶ 13-16 (Doc. 33). In March 2009, Plaintiff was arrested pursuant to an outstanding bench warrant and transferred to Allegheny County Jail. Id. at ¶¶ 17-21. During processing at Allegheny County Jail, a correctional officer refused to allow Plaintiff to keep his diabetes pump. Id. at ¶¶ 22-23. Plaintiff informed the corrections officer that Plaintiff needed either the pump or injections to control his blood sugar. Id. at ¶ 24. Plaintiff next was given a meal that was not specifically tailored to diabetic inmates. Id. at ¶ 26. Following the meal, Plaintiff repeatedly asked for insulin shots. Id. at ¶ 27. Plaintiff was lying on the ground in serious pain when he was making these requests. Id. at ¶ 28. Defendant Shane Evans told Plaintiff that he would be placed in the hole if he did not shut up. Id. at ¶ 29. Eventually,[3] Plaintiff received a shot of Humalog. Id. at ¶¶ 30-31. Plaintiff alleges the dose of Humalog was insufficient to treat his diabetes and, as a result, he began to suffer from severe ketoacidosis. Id. at ¶¶ 31, 36. Plaintiff was subsequently transferred to the medical ward where he was treated by Dr. Lucille Aiken,[4] an endocrinologist, who administered eight units of slow-acting insulin called Lantus. Id. at ¶¶ 37-40, 42. Dr. Aiken ignored Plaintiff's requests for fast-acting insulin, and he did not receive enough insulin. Id. at ¶¶ 41-42. Plaintiff lost twenty-five pounds during his "short stay" at the jail. Id. at ¶¶ 54. Plaintiff also alleges the lack of insulin during his Allegheny County Jail detention caused permanent nerve damage in his left hand. Id. at ¶ 56.

---

[3] Plaintiff does not specify the duration of time between Plaintiff's arrival at Allegheny County Jail and the administering of the Humalog shot. See 2d. Am. Compl. ¶¶ 30-31 (Doc. 33).

[4] Defendants Dr. Aiken and Allegheny Correctional Health Services, Inc., filed an answer (Doc. 34) to Plaintiff's Second Amended Complaint.

B. **Procedural Background**

Plaintiff filed a Second Amended Complaint (Doc. 33) in response to an Order (Doc. 32) granting leave to file a Second Amended Complaint. Defendants County of Allegheny, Rustin, and Evans (collectively, "the County Defendants") filed a motion to dismiss (Doc. 40) the Second Amendment Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff has failed to state a claim upon which relief can be granted with respect to both the § 1983 and ADA claims. Defendants Rustin and Evans further argue that the § 1983 claims against them should be dismissed on the basis of qualified immunity.

**ANALYSIS**

In deciding a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). To survive a motion to dismiss, the factual allegations in a complaint must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The plaintiff must plead "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of the plaintiff's cause of action. Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010) (quoting Phillips, 615 F.3d at 177) (internal quotation marks omitted).

## A. Plaintiff's § 1983 Claims

The County Defendants argue that Plaintiff has failed to state a claim against them because Plaintiff was under the care of medical professionals, and they cannot be liable for alleged inadequacies in the medical care Plaintiff received. Defs.' Br. at 13-15 (Doc. 41). But Plaintiff does not merely allege that he received inadequate medical care after being placed under the care of medical professionals. Plaintiff also alleges that the County Defendants prevented him from receiving medical care in a timely manner. See 2d Am. Compl. ¶¶ 21-36. To the extent Plaintiff's § 1983 claim is based upon the County Defendants allegedly preventing Plaintiff from receiving required medical care, the County Defendants may be liable for such conduct. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (noting deliberate indifference to serious medical needs may include when "prison authorities deny reasonable requests for medical treatment . . . and such denial exposes the inmate to undue suffering or the threat of tangible residual injury" (quoting Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987)) (internal quotation marks omitted)).

1. § 1983 Claim Against Defendant Allegheny County

The first inquiry in a § 1983 case against a municipality is "whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). Defendant Allegheny County argues that Plaintiff failed to state a claim against Allegheny County because Plaintiff has not identified any specific policy or custom that caused a violation of his constitutional rights. Defs.' Br. at 8-10 (Doc. 41).

Under certain circumstances, lack of policy is the same as an affirmative policy. See A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 583 (3d Cir. 2004); Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 583-85 (3d Cir. 2003). The Due Process

Clause affords pretrial detainees the right to a policy ensuring adequate health care. See Manasco v. Rogers, 337 F. App'x. 145, 150 (3d Cir. 2009) (citing A.M. ex rel. J.M.K, 372 F.3d 572). Municipal liability may exist where a policymaker fails to establish a policy despite an obvious need to alter inadequate practices that are so likely to result in the violation of constitutional rights that the policymaker can reasonably be said to have been deliberately indifferent to the need.[5] Natale, 318 F.3d at 584-85.

Plaintiff alleges that Defendant Allegheny County was "deliberately indifferent to the rights of Plaintiff by failing to implement policies or procedures allowing inmates to utilize diabetes pumps," "failing to implement policies or procedures instructing employees about the importance of and proper procedure for administering insulin shots to inmates," and "failing to implement policies or procedures providing for the service of Diabetes-specific meals for inmates." 2d Am. Compl. ¶¶ 83-85. Plaintiff, therefore, has alleged specific failures to establish policy, and Plaintiff's § 1983 claim will not be dismissed on the basis of failure to allege a specific policy or custom.

2. § 1983 Claim Against Defendant Rustin

With respect to Defendant Rustin, Plaintiff alleges that: (1) Rustin was responsible for the implementation and promulgation of policies at Allegheny County Jail, (2) he was responsible for the implementation of training of employees at Allegheny County Jail, and (3) he was responsible for the oversight of employees at Allegheny County Jail. 2d. Am. Compl. ¶¶ 78-80 (Doc. 33). Defendant Rustin argues that since Plaintiff has not alleged Rustin's personal

---

[5] In the context of due process claims of inadequate medical care by pretrial detainees, deliberate indifference is a subjective standard that requires proof that a municipal actor "knows of and disregards an excessive risk to inmate health or safety." Natale, 318 F.3d at 582 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Because Defendant Allegheny County has not raised the issue of whether Plaintiff has alleged sufficient facts to support a reasonable inference that a policymaker acted with deliberate indifference in allegedly failing to enact policies, the Court will not address that issue at this time.

5

involvement in unconstitutional conduct, the claim must be dismissed. Defs.' Br. at 4-6 (Doc. 41). Plaintiff counters that Rustin's alleged role as final policymaker for the jail is sufficient to state a § 1983 claim against Rustin. Pl.'s Br. at 3-4 (Doc. 42).

Plaintiff's allegations that Defendant Rustin was responsible for oversight and training of employees at Allegheny County Jail are insufficient to state a claim against Defendant Rustin. "[A] supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." A.M. ex rel. J.M.K., 372 F.3d at 586. Plaintiff has not alleged that Defendant Rustin personally participated in the alleged violation of Plaintiff's rights, directed others to violate Plaintiff's rights, or had knowledge of and acquiesced to his subordinates' alleged violations of Plaintiff's rights.

Defendant Rustin nonetheless may be liable in his role as final policymaker. Individual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." Id. (quoting Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir.1989)). Plaintiff alleges that Defendant Rustin was responsible for the implementation and promulgation of policies of the Allegheny County Jail. 2d Am. Compl. ¶ 78 (Doc. 33). As explained above, Plaintiff has alleged specific failures to establish policy that allegedly caused harm to Plaintiff. Plaintiff, therefore, has alleged sufficient facts to make a plausible claim against Defendant Rustin in his alleged role as final policymaker for Allegheny County Jail.[6] See A.M. ex rel. J.M.K., 372 F.3d at 586

---

[6] Defendant Rustin has not raised the issue of deliberate indifference. The Court, therefore, will not address that issue at this time.

3. § 1983 Claim Against Defendant Evans

Plaintiff's only allegations regarding Defendant Evans are that Defendant Evans "told Plaintiff that he would be placed in the hole if he did not shut up," 2d Am. Compl. ¶¶ 29, 89 (Doc. 33), and "fail[ed] to refer Plaintiff to medical staff to receive insulin shots despite pleas from the Plaintiff," id. at ¶ 88.

Absent allegations of physical harm, "verbal threats" do not amount to a constitutional violation. Booth v. King, 228 F. App'x. 167, 172 (3d Cir. 2007). While Plaintiff alleges physical harm, Plaintiff does not allege any facts to support a reasonable inference that the harm was caused by Defendant Evans's actions. Plaintiff alleges that he "was forced to wait a significant amount of time before he received a shot of insulin." 2d Am. Compl. ¶ 30 (Doc. 33). Plaintiff does not indicate who "forced" him to wait to receive insulin, and does not indicate how long he had to wait to receive insulin. After Plaintiff received a shot of insulin, he was moved to a different cell block and was served "non-diabetic" meals. Id. at ¶¶ 29-33. Plaintiff allegedly repeatedly requested insulin "during this time," and Plaintiff's requests were allegedly denied or ignored. Id. at ¶¶ 34-35. Plaintiff again does not allege who was responsible for any of these actions. Only after this unspecified amount of time did Plaintiff allegedly begin to suffer from severe ketoacidosis. Id. at ¶ 36. Plaintiff, therefore, has not alleged that Defendant Evans's actions caused Plaintiff any unconstitutional harm. The mere allegation that Defendant Evans "told Plaintiff that he would be placed in the hole if he did not shut up" is insufficient to state a claim against Defendant Evans.

4. Qualified Immunity

Defendants Rustin and Evans also argue that Plaintiff's § 1983 claims against them should be dismissed on the basis of qualified immunity. While Defendants Rustin and Evans provide a lengthy discussion of the law on qualified immunity, they make only a conclusory

7

assertion that they are entitled to qualified immunity. See Defs.' Br. at 10-13 (Doc. 31). Because Defendants Rustin and Evans provide no substantive argument that qualified immunity should apply to the facts of this case, their motion to dismiss on the basis of qualified immunity will be denied.

**B. Plaintiff's ADA Claims**

Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Plaintiff argues he suffers from a disability in the form of diabetes, was provided inadequate medical care by Allegheny County, developed severe ketoacidosis and, as a result, was unable to partake in prison programs or activities.

   1. ADA Claims Against Defendants Rustin and Evans

Individuals are not liable under Title II of the ADA. See Emerson v. Thiel Coll., 296 F.3d 184, 189 (3d Cir. 2002) (noting that other courts of appeals have held that individuals are not liable under Titles I and II of the ADA); Mutschler v. SCI Albion Chief Health Care Adm'r, No. 1:09-265, 2010 WL 3809849, at *5 (W.D. Pa. Sept. 23, 2010) (Baxter, M.J.). Thus, Plaintiff's ADA claims against Defendants Rustin and Evans will be dismissed with prejudice.

   2. ADA Claim Against Defendant Allegheny County

Defendant Allegheny County argues that Plaintiff fails to state a claim under the ADA because Plaintiff fails to allege what benefits, services, programs, or activities he was denied due to a disability. Defs.' Br. at 19 (Doc. 41). "[S]ervices, programs or activities" for purposes of 42 U.S.C. § 12132 include recreational, medical, educational, and vocational prison programs. See United States v. Georgia, 546 U.S. 151, 157 (2006) (citing Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 210 (1998)). In the prison context, "it is quite plausible that the alleged

deliberate refusal of prison officials to accommodate . . . disability-related needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs constituted 'exclu[sion] from participation in or . . . deni[al of] the benefits of' the prison's 'services, programs, or activities.'" Id. (quoting 42 U.S.C. § 12132).

Plaintiff alleges that prison officials acted with deliberate indifference in denying him the benefits of medical care, which is part of a prison's "services, programs, or activities." See id. Plaintiff, thus, has alleged that he was "denied the benefits of the services, programs, or activities of a public entity," 42 U.S.C. § 12132, and Defendant Allegheny County's motion to dismiss Plaintiff's ADA claim will be denied.

**CONCLUSION**

For all of the reasons stated above, Defendants County of Allegheny, Shane Evans and Ramon C. Rustin's Motion to Dismiss (Doc. 40) is GRANTED in part and DENIED in part. The motion to dismiss is GRANTED with respect to Plaintiff's § 1983 claim against Defendant Evans for failure to state a claim. The motion to dismiss is GRANTED with respect to Plaintiff's ADA claims against Defendants Rustin and Evans for failure to state a claim. The motion to dismiss is DENIED in all other respects.

## II. ORDER

For the reasons stated above, the Court hereby **ORDERS** that Defendants County of Allegheny, Shane Evans and Ramon C. Rustin's Motion to Dismiss (Doc. 40) is **GRANTED** in part and **DENIED** in part. The motion to dismiss is **GRANTED** with respect to Plaintiff's § 1983 claim against Defendant Evans and with respect to Plaintiff's ADA claims against Defendants Rustin and Evans. The motion to dismiss is **DENIED** in all other respects.

Plaintiff's § 1983 claim against Defendant Evans is **DISMISSED WITHOUT PREJUDICE**. If appropriate and consistent with Federal Rule of Civil Procedure 11, Plaintiff

may file an amended complaint for the limited purpose of amending his § 1983 claim against Defendant Evans no later than September 13, 2011.

Because individuals cannot be liable under Title II of the ADA, Plaintiff's ADA claims against Defendants Rustin and Evans are **DISMISSED WITH PREJUDICE**.

Pursuant to the parties' stipulation (Doc. 43) that Plaintiff was a pretrial detainee at the time of the events alleged in the Second Amended Complaint, Plaintiff's § 1983 claims under the Eighth Amendment (Count 1) are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

s/ Cathy Bissoon
Cathy Bissoon
U.S. Magistrate Judge

August 30, 2011

cc (via e-mail):

All counsel of record.